UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason O. Riley, #311527, | ) C/A No.  2:15-3238-RMG-MGB |
|                  Petitioner, | ) **REPORT AND** |
| v. | ) **RECOMMENDATION** |
| Leroy Cartledge, | ) |
|                  Respondent. | ) |

Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was filed *in forma pauperis* under 28 U.S.C. § 1915. The petition is before the Court pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). After careful review, the Court finds the petition should be dismissed without prejudice, and without requiring Respondent to file a return.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially-meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

(2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## Background

Petitioner, an inmate in the South Carolina Department of Corrections, is currently serving a term of life imprisonment for his 2005 state convictions of murder and armed robbery. He brings the instant § 2241 petition, wherein he states that he seeks the following relief (verbatim):

> Mr. Riley prays that this court either: 1) issue writ granting him unconditional release; or 2) hold a full evidentiary hearing allowing him to prove his actual innocence as guaranteed by the U.S. Constitution, or any other relief this court deems necessary.

(Dkt. No. 1 at 9-10 of 10.) He lists the following grounds for relief in the instant petition (verbatim):

> Ground One: Prosecutorial misconduct–impermissible solicitation/subornation of perjured testimony.
>
> Supporting FACTS: State prosecutors suborned witnesses Jeffrey McDaniel and Ricky Hagler to commit perjury by offering them plea deals and subsequently used said mendacious testimony to convict Mr. Riley unlawfully, knowing testimony to be false and contradictory to evidence provided by the crime scene.
>
> Ground Two: Ineffective assistance of counsel–failure to object to prosecutorial misconduct.
>
> Supporting FACTS: Mr. Riley's trial counsel was grossly ineffective for not objecting to the introduction of impermissible evidence, allowing jury to deliberate on known false testimony, ultimately resulting in an unconstitutional conviction.
>
> Ground Three: Ineffective assistance of counsel–failure to challenge the state's

> objection to the introduction of deceased eyewitness Barbara Moss's sworn statement.
>
> Supporting FACTS: Mr. Riley contends that Ms. Moss's statement was admissible pursuant to Rule 804(a)(4) of the hearsay exception clause. Ms. Moss gave exonerating information to investigators, and had the jury heard these revelations, Mr. Riley would have been acquitted.

(Dkt. No. 1 at 8-9 of 10.)

## Analysis

As noted above, Petitioner filed the instant action as a § 2241 petition, wherein he attempts to challenge two state court convictions. However, "the majority view [is] that . . . § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *Rochester v. Reynolds*, Civ. A. No. 8:10-01879-HFF-BHH, 2010 WL 3786193, at *2 (D.S.C. Sept. 21, 2010) (Floyd, J.) (quoting *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)); *see also Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 875 n. 9 (1st Cir. 2010); *Rittenberry v. Morgan*, 468 F.3d 331, 338-39 (6th Cir. 2006); *White*, 370 F.3d at 1009-10, *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). The majority courts have found the procedural requirements of § 2254 act as a limitation on a state prisoner's ability to seek habeas relief, and to hold otherwise would thwart Congress' intent in passing the AEDPA. *See Gonzalez-Fuentes*, 607 F.3d at 875 n.9. The Fourth Circuit has not ruled on this issue.

In the absence of controlling authority, this Court finds the majority view persuasive. *See Hao Qing Zhan v. Wilson*, Civ. A. No. 8:12-CV-03052-RBH, 2013 WL 4500055, at *4-5 (D.S.C. Aug. 19, 2013); *Rochester*, 2010 WL 3786193, at *1-3. Accordingly, Petitioner may not challenge his state court convictions in the instant § 2241 petition.

However, even if the Court construes the instant action as a petition pursuant to 28 U.S.C. § 2254, the petition is still subject to dismissal. Riley attempts to challenge the same convictions and sentences he challenged in a previous § 2254 petition, *Riley v. Cartledge*, Civ. A. No. 8:14-cv-01655-RMG.[2] In that action, the Honorable Richard M. Gergel granted the Respondent's Motion for Summary Judgment, and dismissed Riley's § 2254 petition with prejudice, in an Order dated February 3, 2015. (*See* Dkt. No. 42 in Civ. A. No. 8:14-cv-01655-RMG.) In that same Order, Judge Gergel declined to issue a certificate of appealability. (*Id*.) On June 23, 2015, the United States Court of Appeals for the Fourth Circuit denied Petitioner's motion for a certificate of appealability and dismissed the appeal. (*See* Dkt. No. 56 in Civ. A. No. 8:14-cv-01655-RMG.)

Title 28, United States Code Section 2244 provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). That section also provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies. *See* 28 U.S.C. § 2244(b)(2); *see also* Rule 9, Rules Governing Section 2254 and 2255 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[3]

---

[2] The Court notes that the three grounds for relief raised in this petition were already raised to this Court and adjudicated on the merits in Petitioner's previous § 2254 habeas action. *See Riley v. Cartledge*, Civ. A. No. 8:14-cv-01655-RMG.

[3] A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the

The "AEDPA does not define 'second or successive.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000)). Petitioner's first § 2254 petition was adjudicated on the merits; the instant petition is therefore a successive one. *See Harvey*, 278 F.3d at 379; *see also Burton v. Stewart*, 549 U.S. 147, 154 (2007) ("There is no basis in our cases for supposing . . . that a petitioner with unexhausted claims . . . who elects to proceed to adjudication of his exhausted claims[] may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition."); *Epps v. McCall*, Civ. A. No. 1:13-cv-873-RMG, 2013 WL 2897016, at *1 (D.S.C. June 13, 2013) ("To be considered 'successive,' the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits." (citing *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006))).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the

---

exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

application." 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." (citing 28 U.S.C. § 2244(b)(3))). Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2254.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Thus, even if the instant petition is construed as a § 2254 petition, it is an unauthorized, successive petition that must be dismissed. *See Burton*, 549 U.S. at 153 (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

**Conclusion**

Accordingly, it is RECOMMENDED that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without requiring Respondent to file an answer or return. It is also RECOMMENDED that a certificate of appealability be denied.[4] Petitioner's attention is directed to the important notice on the next page.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 23, 2015
Charleston, South Carolina

---

[4] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Rule 72, Federal Rules of Civil Procedure, advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).