IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jason O. Riley, #311527,            )
                                    )
            Petitioner,             )      Civil Action No. 2:15-3238-RMG
                                    )
v.                                  )
                                    )      **ORDER**
Leroy Cartledge,                    )
                                    )
            Respondent.             )
                                    )

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 8). The Court hereby adopts the R & R and dismisses the petition without prejudice.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Petitioner James O. Riley is a state prisoner who filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 potentially provide Petitioner an avenue for relief. Section 2241 states that a writ of habeas corpus may issue if a prisoner "is in custody in violation of the Constitution or laws and treaties of the United States." Section 2254 provides that a writ of habeas corpus shall issue "in behalf

of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties."

The majority of the United States Courts of Appeals to consider the issue have held that § 2254—not § 2241—is the proper statute though which state prisoners should challenge the execution of their sentences. *See Hao Qing Zhan v. Wilson*, No. 8:12-CV-03052-RBH, 2013 WL 4500055, at *5 (D.S.C. Aug. 19, 2013) (collecting cases). Although the Fourth Circuit has not yet considered the issue, courts within the District of South Carolina have followed the majority view. *Id.*

The Court has reviewed the R & R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and properly summarized the factual and legal issues and appropriately recommended that the action should be dismissed. Therefore, the Court hereby **ADOPTS** the R & R as the order of this Court and **DISMISSES** the petition without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 18, 2015
Charleston, South Carolina

2